UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                    Case No. 8:19-cr-555-TPB-JSS

JOSEPH MARION,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S "MOTION TO SUPPRESS"

This matter is before the Court on Defendant Joseph Marion's "Motion to Suppress," filed *pro se* on March 6, 2023.[1] (Doc. 170). On March 8, 2023, the United States of America filed a response in opposition. (Doc. 171). On April 11, 2023, the Court held a hearing to address the motion. (Doc. 181). After reviewing the motion, response, court file, and the record, the Court finds as follows:

Defendant is accused of supplying large quantities of fentanyl to others, including two victims that overdosed with serious bodily injury. After a criminal informant told law enforcement officers that Defendant was his fentanyl supplier, and that Defendant possessed three kilograms of fentanyl at his apartment, law enforcement responded and used a ruse to draw Defendant out of his residence with the drugs. During this encounter, agents seized a bag that Defendant attempted to discard, which held 97 grams of fentanyl, 50 grams of a heroin/fentanyl mixture, 31 grams of methamphetamine, and 16 grams of heroin, among other illegal drugs.

---

[1] At the time the motion was filed, Defendant was proceeding *pro se*, with standby counsel. He has since elected to proceed with counsel.

On November 13, 2019 – a little less than two months later – Defendant called 911 to report that Victim 1 was unconscious in his apartment and having difficulty breathing.  Emergency personnel responded and treated Victim 1 with Naloxone, commonly referred to as Narcan.  Victim 1 responded positively to the treatment and told emergency personnel that her condition was caused by illegal drugs that the Defendant provided to her in his apartment.  She was transported to a hospital for further treatment.  The next day, law enforcement agents interviewed Victim 1 at the hospital, and she reiterated that Defendant provided the drugs that she used the night before that led to her hospitalization.  She detailed incriminating statements made by Defendant and told officers that she observed Defendant retrieve drugs form a safe in his kitchen.

Special Agent Lindsay Shaffer drafted a search warrant for Defendant's residence and provided it to the United States Attorney's Office for review.  The Assistant United States Attorney expressed no concerns about the affidavit or the warrant's sufficiency.  She then submitted the search warrant package to Magistrate Judge Thomas G. Wilson for his review and approval on November 20, 2019.[2]  The same day, Magistrate Judge Wilson found probable cause and authorized the search warrant, although he struck one item from the list of things the Government could seize.

---

[2] It should be noted that Magistrate Judge Wilson is presently the second-longest serving magistrate judge in the entire country, having begun his service in 1979, and he will soon become the longest-serving magistrate judge.  Judge Wilson has likely reviewed *thousands* of search warrant applications during his long and distinguished judicial career.

Law enforcement officers executed the search warrant on November 21, 2019. Inside the apartment, which Defendant shared with his wife, officers found illegal drugs (including fentanyl, crack cocaine, and marijuana), portable safes, wax baggies, a scale, two cell phones, and over $13,000 in cash. Defendant seeks to suppress the evidence by contending that the search warrant was invalid.

## Analysis

The Fourth Amendment to the United States Constitution provides that all persons have the right "to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has generally interpreted this to mean that a search must be based on probable cause and must be executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 356-57 (1967). To be valid, a warrant must be issued by a neutral and detached magistrate, be supported by probable cause based on oath or affirmation, and it must particularly describe the place to be searched and the things to be seized. *Dalia v. United States*, 441 U.S. 238, 255 (1979).

Defendant moves, *pro se*, to suppress the items found as a result of what he contends was an illegal search. Although the motion is not the paradigm of clarity, it appears Defendant is arguing that law enforcement officers knew Victim 1 was not credible and failed to include certain information with the supporting affidavit – specifically, EMS and police reports – that undermined her credibility. He contends that had that information been included, the magistrate judge would not have issued a search warrant.

As an initial matter, if the warrant were somehow defective, seized evidence may still be admitted if executing officers reasonably relied in objective good faith on a subsequently invalidated warrant that was issued by a detached and neutral magistrate. *See United States v. Leon*, 468 U.S. 897, 914-26 (1984); *United States v. Sutton*, No. 8:04-cr-325-T-17TBM, 2007 WL 705044, at *5 (M.D. Fla. March 2, 2007) (citing *Leon*). Defendant does not argue that the warrant was so facially deficient that the executing officers could not reasonably presume that it was valid. Even if he did, searches conducted pursuant to a warrant "will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer had acted in good faith in conducting the search." *United States v. Robinson*, 336 F.3d 1293, 1296 (11th Cir. 2003). Here, Special Agent Shaffer consulted with a federal prosecutor who approved the affidavit's sufficiency. *See United States v. Matthews*, 12 F.4th 647, 656 (7th Cir. 2021). She then obtained authorization for the warrant form a neutral and detached United States magistrate judge. *See, e.g.*, *Herring v, United States*, 555 U.S. 135, 144 (2009); *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000). Given these circumstances, there is no basis to question the reasonableness of law enforcement officers relying on the magistrate judges' authorization of the warrant.

Moreover, none of the *Leon* exceptions apply. Construing Defendant's motion generously, he may be alleging that (1) the affiant misled the magistrate judge by swearing to information "the affiant knew was false or would have known was false except for [her] reckless disregard for the truth" and (2) the "warrant was based on

an affidavit so lacking indicia of probable cause as to render official belief in its existence entirely unreasonable."[3] *See Leon*, 468 U.S. at 923. But Defendant's complaints about the warrant are not material to the existence of probable cause. The information Defendant identifies – such as Victim 1's claim documented in a police report that "she'd been clean for about 16 months" or inconsistencies between the EMS report and police report as to whether Victim 1 regained consciousness after one dose of Narcan or three – are not material to the determination of probable cause. The information Defendant believes should have been disclosed to Judge Wilson consists merely of details that do not make a difference with respect to probable cause. And simply nitpicking the facts provided by law enforcement officers to a judge in support of an application for a warrant is insufficient to defeat an otherwise valid probable cause determination. See *Illinois v. Rodriguez,* 497 U.S. 177, 185 (1990) ("[W]hat is generally demanded of the many factual determinations that must regularly be made by agents of the government ... is not that they always be correct, but that they always be reasonable.")

Defendant also complains that the warrant is defective because it partially relied on "hearsay" statements made by Victim 1. Yet, an affidavit supporting a search warrant "may be based on hearsay." *United States v. Wuagneux*, 683 F.2d 1343, 1356 (11th Cir. 1982). And the information here provided by informants contained sufficient indicia of reliability. *See, e.g.*, *Illinois v. Gates*, 462 U.S. 238 (1983); *United States v. Brundidge*, 170 F.3d 1350, 1353-54 (11th Cir. 1999).

---

[3] These are the first and third of the *Leon* exceptions.

Defendant also contends that the information concerning his arrest on September 18, 2019, was stale, so the information should not have been considered. The 2-month-old information is not stale. Moreover, those facts were included in a section of the affidavit tilted "Background of the Investigation." The "Probable Cause" section consisted only of events and statements occurring on November 13-14, 2019.

Defendant's other complaints – such as his argument that Victim 1 was unreliable because "it is unlikely that a person who overdosed could remember an appointment," that her vital signs demonstrate that she "was clearly never at risk of dying at any point," and his suggestion that fentanyl ingestion did not cause Victim 1's medical condition – are irrelevant to the motion to suppress and unconvincing. They do not warrant further comment.

For these reasons, Defendant's "Motion to Suppress" is hereby **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 20th day of April, 2023.

                **TOM BARBER**
                **UNITED STATES DISTRICT JUDGE**