UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.:  8:19-cr-555-TPB-UAM

JOSEPH MARION,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S ORAL MOTION FOR JUDGMENT OF ACQUITTAL AND "RENEWED MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL"**

This matter is before the Court on Defendant's oral motion for judgment of acquittal (Doc. 225) and Defendant's "Renewed Motion for Judgment of Acquittal or, in the Alternative, for a New Trial" (Doc. 233).  On April 29, 2024, the United States of America filed a response in opposition.  (Doc. 234).  Upon review of the motions, response, court file, and the record, the Court finds as follows:

**Background**

Defendant Joseph Marion was charged by indictment with several drug offenses.  Prior to trial, on November 27, 2023, Defendant pleaded guilty to one count of possession with intent to distribute 40 grams or more of fentanyl, five grams or more of methamphetamine, and an unspecified amount of heroin (Count Two), and one count of possession with intent to distribute 40 grams or more of fentanyl, an unspecified amount of heroin, and an unspecified amount of cocaine base (Count Six). (Docs. 200; 201).

Defendant proceeded to trial on two counts of conspiracy to distribute or possess with intent to distribute controlled substances (Counts One and Three), one count of distribution of fentanyl with the use of fentanyl causing serious bodily injury to Gianna Walker (Count Four), and one count of distribution of a mixture or substance containing fentanyl and heroin, as well as a mixture or substance containing cocaine base, with the use of one or more of the substances causing serious bodily injury to Erica Alexander (Count Five).

On April 5, 2024, a jury returned a verdict of guilty on Counts One, Three, Four, and Five.  On April 15, 2024, Defendant filed his renewed motion for judgment of acquittal as to Count Four, arguing that the general finding of guilt that the jury made relied on the same facts underlying the charges in Count Two – a count to which Defendant had already pleaded guilty.  Defendant argues that because the jury did not make the additional finding that Gianna Walker's use of the controlled substances caused her serious bodily injury, the finding of guilt on Count Four was subsumed within the charges of Count Two.  Alternatively, Defendant seeks a new trial based on the Court's answer to a jury question.

The Court has considered the arguments and concludes that Defendant is not entitled to judgment of acquittal.  Although he cites to Rule 29, Defendant does not appear to actually challenge the sufficiency of the Government's evidence.  Rather, the crux of Defendant's argument is that the Government subjected him to unconstitutional double jeopardy because he has been convicted of both Count Two (which charged Defendant with possessing drugs on September 18, 2019) and Count Four (which charged Defendant with distributing drugs in September 2019).

The Government raises several procedural challenges to the vehicle employed by Defendant to bring this issue before the Court, contending that the motion is untimely under Rule 12(b)(3), and that vacating the conviction rather than a judgment of acquittal would be an appropriate remedy for a double jeopardy issue. These things may be true, but focusing on the procedural technicalities misses the bigger picture – that there is no double jeopardy violation here.

"To succeed on a claim of double jeopardy, a defendant must show that in law and fact the two offenses charge are in reality the same." *United States v. Henry*, 661 F.2d 894, 896 (5th Cir. 1981) (citing *United States v. Futch*, 637 F.2d 386, 389 (5th Cir. 1981); *United States v. Marable*, 578 F.2d 151, 153 (5th Cir. 1978)). Counts Two and Four charged separate offenses and required proof of different elements and facts.

As noted, Count Two charged possession with intent to distribute a controlled substance on or about September 18, 2019. Defendant pleaded guilty to Count Two.[1] The accepted factual proffer included that on September 18, 2019, police officers used a ruse to lure Defendant out of his apartment with drugs, with the officers confronting him in the parking lot. During this confrontation, Defendant tossed aside a bag containing large quantities of heroin, fentanyl, crack cocaine, and methamphetamine. Defendant also made several incriminating statements at that time.

In contrast, Count Four charged that in September 2019, Defendant knowingly and intentionally distributed a controlled substance, the use of which by Gianna

---

[1] Although Defendant pleaded guilty to Count Two, the Government presented evidence at trial connected to Count Two because certain acts also related to drug conspiracy charges. With respect to Count Two, the jury heard testimony from multiple law enforcement witnesses, heard a recording of a phone call between the defendant and an undercover agent, and viewed multiple photographs.

Walker resulted in serious bodily injury to Gianna Walker.  As to this count, the jury heard testimony from cooperating witnesses, heard testimony from a law enforcement witness, and viewed photographs.  This evidence established that nearly every day through 2019, including on September 17, 2019, drug dealer Courtney Michaelis purchased 40-100 small bags of fentanyl from Defendant, keeping half of that for her own use and selling the other half to customers.  On September 18, 2019, Michaelis sold four bags of fentanyl that she purchased from Defendant to Nicholas Ham, who shared the drugs with his girlfriend Gianna Walker, who used the fentanyl and suffered an overdose.  The jury found Defendant guilty of the distribution, but not of the injury to Gianna Walker.

Although the time periods overlapped and Counts Two and Four both involved drugs, namely fentanyl, the evidence clearly established that there were separate offenses.  Counts Two and Four clearly involved different conduct and were explicitly charged as such – the *possession* in Count Two (related to the drugs seized by law enforcement) was clearly distinct from the *distribution* in Count Four (related to the drugs that were distributed to Michaelis, who then sold them to Ham, who shared the drugs with Gianna Walker) because possession and distribution are different acts.  Moreover, factually speaking, Defendant could not have distributed the same fentanyl to Michaelis that he was caught possessing at the time of his arrest on September 18, 2019, because police seized that fentanyl when they took him into custody.  Defendant is incorrect when he asserts that the same factual allegations made up both charges.

Although Defendant argues that the offenses should merge into a single offense because the jury may have found Defendant guilty as to distribution of drugs in Count

Four based on his possession of drugs described in Count Two, there was clearly separate evidence presented as to both charges, as explained above.  Viewing the evidence in the light most favorable to the Government, the verdict makes it clear that the jury believed that Defendant distributed the drugs that ended up with Gianna Walker, even if those drugs did not result in serious bodily injury to her.[2]  The Court concludes that there is no double jeopardy violation here.

Defendant also moves for a new trial based on the Court's response to a jury question.  The Court's response was proper, and not misleading or confusing, so this argument is not well-taken.

Consequently, Defendant's oral motion for judgment of acquittal (Doc. 225) and Defendant's "Renewed Motion for Judgment of Acquittal or, in the Alternative, for a New Trial" (Doc. 233) are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of May, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the jury appears to have been persuaded by the defense position that the serious bodily injury was caused by other drugs – namely, those supplied by Nicholas Ham's mother.